UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTOPHER UWE IMELMANN,

                         Plaintiff,                              Case No. 1:12-cv-113

v.                                                 Honorable Robert J. Jonker

KENT COUNTY SHERIFF'S
DEPARTMENT et al.,

                         Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Kent County Sheriff's Department. The Court will serve the complaint against Defendant Glynn.

## Discussion

### I.    Factual allegations

Plaintiff is incarcerated in the Woodland Center Correctional Facility.  In his *pro se* complaint, he sues the Kent County Sheriff's Department and Kent County Sheriff's Deputy Joseph Glynn.  Plaintiff alleges that at 10:58 a.m. on March 26, 2009, Defendant Glynn activated his emergency lights and intended to stop Plaintiff for speeding.  Rather than pull over immediately on the side of the road, Plaintiff decided to drive a mile to his home and stop in the driveway.  Two minutes later, as Plaintiff was pulling into his driveway, Glynn allegedly fired thirteen shots into the back of Plaintiff's vehicle, striking Plaintiff once in the back.  Plaintiff contends that he and his passenger were unarmed.  The .40 caliber bullet lodged in Plaintiff's chest and was later removed and confiscated at the Kent County Jail where Plaintiff was incarcerated.

Plaintiff claims that Glynn used excessive force in violation of the Fourth Amendment.  He further claims that as Glynn's employer, the Kent Court Sheriff's Department is liable for Glynn's unlawful actions.  Plaintiff seeks declaratory relief and monetary damages.

### II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has

- 2 -

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Kent County Sheriff's Department may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was

- 3 -

incurred because of the execution of that policy.  *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th

Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09.  It is the

court's task to identify the officials or governmental bodies which speak with final policymaking

authority for the local government in a particular area or on a particular issue.  *McMillian v. Monroe

Cnty*, 520 U.S. 781, 784-85 (1997).

       In matters pertaining to the conditions of the jail and to the operation of the deputies,

the sheriff is the policymaker for the county.  MICH. COMP. LAWS § 51.75 (sheriff has the "charge

and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and

regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and

revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the

sheriff of "a given county is the only official with direct control over the duties, responsibilities, and

methods of operation of deputy sheriffs" and thus, the sheriff  "establishes the policies and customs

described in *Monell*").  Thus, the court looks to the allegations in the plaintiff's complaint to

determine whether the plaintiff has alleged that the sheriff has established a policy or custom which

caused the plaintiff to be deprived of a constitutional right.

       Plaintiff's action fails at this first step because his allegations have not identified a

policy or custom.  Plaintiff alleges only that, as Deputy Glynn's employer, the Kent County Sheriff's

Department should be held liable for his unlawful conduct.  However, the sheriff's department

cannot be held responsible for a deputy's unlawful conduct under a theory of respondeat superior or

vicarious liability.  *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs*., 436 U.S.

658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional

violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575

(6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates

- 4 -

are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). There must be more than merely a right to control employees, as a plaintiff must show that the sheriff's department at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending employees. *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Plaintiff does not allege that the sheriff's department was actively involved in, authorized or condoned the actions taken by Deputy Glynn. To the contrary, Plaintiff alleges that Glynn was told to terminate his pursuit and was found to have acted in violation of department policy when he shot at Plaintiff. Consequently, the Kent County Sheriff's Department will be dismissed for failure to state a claim.

At this stage of the proceedings, the Court finds Plaintiff's allegations against Deputy Glynn sufficient to state a Fourth Amendment claim. Accordingly, the Court will order service of the complaint against Defendant Glynn.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Kent County Sheriff's Department will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court will serve the complaint against Defendant Glynn.

An Order consistent with this Opinion will be entered.

Dated:  ___May 22, 2012___    /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE